UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JON CONSIGLIO and CRYSTAL PEREZ,

                Plaintiffs,    **MEMORANDUM AND ORDER**
                                           11-CV-06100 (RRM) (VVP)
   - against -

WARD TRUCKING, LLC., and "JOHN DOE",
first and last names being unknown,

                Defendants.
------------------------------------------------------------X

**ROSLYNN R. MAUSKOPF, United States District Judge.**

      This action, removed from the Supreme Court of the State of New York, County of Richmond, arises out of a motor vehicle accident that occurred on June 30, 2008 involving plaintiffs Jon Consiglio and Crystal Perez and defendant Ward Trucking, LLC, and an unnamed "John Doe." (Notice of Removal (Doc. No. 1).) Before the Court is defendant Ward Trucking's motion pursuant to Federal Rule of Civil Procedure 12(b)(5) to dismiss this action for failure to timely serve process. (Doc. No. 9.) Plaintiffs oppose dismissal. (Doc. No. 11.)

      For the reasons below, defendant's motion to dismiss is DENIED. A federal summons shall issue, and plaintiffs are accorded 20 days from the date of the issuance of the federal summons to properly serve defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure.

**BACKGROUND**

      Plaintiffs originally brought suit in the Supreme Court of the State of New York, County of Richmond with the filing of a state court complaint and purchase of an Index number on May 27, 2011. (Ex. A to Notice of Removal (Doc. No. 1-2) at 2.) According to plaintiffs, they "ha[d] been in contact with [d]efendant's insurance carrier since July 2008 and even held lengthy settlement

1

discussions with [d]efendant's insurance carrier right up to the commencement of this action." (Pls.' Opp'n (Doc. No. 11) at ¶ 12.)

Service was effected on defendant Ward Trucking through the New York Secretary of State on November 15, 2011 (Ex. A to Notice of Removal (Doc. No. 1-2) at 11), and the summons and complaint were ultimately received by Ward Trucking on November 28, 2011 (*Id.* at 8–10). Defendant alleges, and plaintiffs do not dispute, that the applicable statute of limitations expired on June 30, 2011. (Def.'s Mot. to Dismiss (Doc. No. 9) at 2.)

On November 30, 2011, defendant filed a Request for Supplemental Demand pursuant to N.Y. C.P.L.R. 3017(c), seeking the amount of damages sought by plaintiffs.[1] (Ex. B to Notice of Removal (Doc. No. 1-3) at 2.) Plaintiffs replied on December 6, 2011 with their demand of $1 million each. (Ex. C to Notice of Removal (Doc. No. 1-4) at 2.)

Invoking this Court's diversity jurisdiction, defendant Ward Trucking removed the case to this Court on December 15, 2011.[2]

## DISCUSSION

Defendant now argues that plaintiffs properly effected service, but did not do so within the 120-day time limit imposed by N.Y. C.P.L.R. 306-b. As such, defendant maintains, this action must be dismissed as it is now barred by the three-year statute of limitations. Plaintiffs do not dispute that service was untimely under state law, and that the statute of limitations had run prior to service, but argue that they are entitled to an extension of their time to serve to cure their defective service pursuant to 28 U.S.C. § 1448 and Federal Rule of Civil Procedure 4(m). While it is clear that the Federal Rules of Civil Procedure govern cases after removal, Fed. R. Civ. P. 81(c); *see* 28

---

[1] New York law forbids a plaintiff in a state court action from pleading an ad damnum clause in a personal injury action and instead, accords a personal injury defendant with the right to "request a supplemental demand setting forth the total damages to which the [plaintiff] deems himself entitled." N.Y. C.P.L.R. 3017(c).

[2] For purposes of this motion, the Court assumes without deciding that the Notice of Removal sufficiently alleges the requisite facts for diversity jurisdiction under 28 U.S.C. § 1332 and removal pursuant to 28 U.S.C. §§ 1441 and 1446.

U.S.C. § 1448; *G.G.G. Pizza, Inc. v. Domino's Pizza, Inc.*, 67 F. Supp. 2d 99, 100 (E.D.N.Y. 1999), removal does not automatically restart the clock for timely service or keep a district court from considering a plaintiff's previous delays in effecting service. *See Osborne v. Sandoz Nutrition Corp.*, No. 95-1278, 1995 U.S. App. LEXIS 28008, at *3–5 (1st Cir. Oct. 6, 1995) (per curiam); *Morton v. Meagher*, 171 F. Supp. 2d 611, 615 (E.D. Va. 2001). Nor does it waive any Rule 12(b) defenses, including sufficiency of service. *See Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152, 157 n.4 (2d Cir. 1996).[3]

Rather, section 1448 of Title 28 accords a district court following removal the discretion to allow service to be completed or new process issued pursuant to Rule 4 "in the same manner as in cases originally filed in such district court" where "any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective." In turn, Rule 4(m) empowers a district court to extend the deadline for the service of a summons and complaint even without proof of good cause to excuse a plaintiff's service default. *Zapata v. City of New York*, 502 F.3d 192, 196–97 (2d Cir. 2007). In deciding whether to grant such an extension, or to dismiss, a court must weigh "the impact that a dismissal or extension would have on the parties." *Id.* at 197; *Harper v. City of New York*, No. 09-CV-05571, 2010 U.S. Dist. LEXIS 122184, at *32–33 (E.D.N.Y. Nov. 17, 2010) (holding that the district court does not abuse its discretion so long as it weighs the impact of dismissal or extension on the record). In so doing, courts have considered factors such as the statute of limitations bar, the diligence of the plaintiff in attempting to serve, the prejudice to the defendant, and defendant's actual notice of the lawsuit. *Efaw v. Williams*, 473 F.3d 1038, 1040–41 (9th Cir. 2007), *cited with approval in Zapata*, 502 F.3d at 198 n.7.

---

[3] The Court notes that upon service, the defendant did not move immediately to remove to federal court, or to dismiss in state court for lack of personal jurisdiction based on untimely service. Instead, defendant filed a Request for Demand pursuant to N.Y. C.P.L.R. 3017(c). The Court does not decide whether this action subjected defendant to the jurisdiction of the state court, thus waiving any defect in service or lack of personal jurisdiction.

Here, the balance of these factors weighs in favor of granting an extension of time to serve. On the one hand, while plaintiffs timely filed this action, they made no effort to serve within the 120-day period required by state law, nor have they offered any excuse for their delay.  *See Zapata*, 502 F.3d at 197–99; *Harper*, 2010 WL 4788016, at *9–10.  Nor did they request an extension of their time to serve until faced with the necessity of opposing defendant's motion to dismiss.  However, plaintiffs undoubtedly face substantial prejudice should this action be dismissed as their claims would be extinguished by the statute of limitations.  *See* N.Y. C.P.L.R. 214; *Hyowon Kim v. Cruz*, 941 N.Y.S.2d 869, 869 (N.Y App. Div. 2012) (discussing three-year statute of limitations for personal injury actions).

On the other hand, defendant has asserted no prejudice other than its claim that it "had no notice of this action until it received the Summons and Complaint, no sooner than November 28, 2011, three years and five months after the subject accident."  (Def.'s Mot. to Dismiss (Doc. No. 10) at 11.)  While prejudice to a defendant certainly "arises from the necessity of defending an action after both the original service period and the statute of limitations have passed before service," *Zapata*, 502 F.3d at 198, defendant has not indicated, for example, that with that passage of time, it has lost any opportunity to secure necessary evidence or has otherwise been prejudiced in its ability to defend itself against this lawsuit.  Indeed, the prejudice to this defendant has been mitigated by the fact that it has been on notice of the underlying incident and plaintiffs' claims for years preceding the commencement of the action through extensive settlement discussions between plaintiffs' counsel and defendant's insurer.  Moreover, proper service was effected here less than two months after expiration of the 120-day window allowed by state law.  While this lapse cannot be condoned, it is one that is far less egregious than those that have led other courts, both federal and state, to deny extensions to cure defective service.  *See, e.g.*, *Carl v. City of Yonkers*, No. 04-cv-7031, 2008 U.S. Dist. LEXIS 102489, at *2, 12–25 (S.D.N.Y. Dec. 18, 2008) (three-year lapse);

4

*Toner v. Suffolk Cnty. Water Auth.*, 220 F.R.D. 20, 21–22 (E.D.N.Y. 2004) (three-year lapse); *Mused v. United States Dep't of Agric. Food & Nutrition Serv.*, 169 F.R.D. 28, 30–35 (W.D.N.Y. 1996) (one-year lapse); *Slate v. Schiavone Constr. Co.*, 829 N.E.2d 665, 665 (N.Y. 2005) (18-month lapse); *Redman v. South Island Orthopaedic Grp., P.C.*, 911 N.Y.S.2d 674, 674 (N.Y. App. Div. 2010) (one-year lapse).

Defendant's reliance on *Witherow v. Firestone Tire & Rubber Co.*, 530 F.2d 160 (3d Cir. 1976) is inapposite. In *Witherow*, the district court declined "to breathe jurisprudential life in federal court to a case legally dead in state court." *Id.* at 168. However, in that case, because of the vagaries of Pennsylvania law on service and the applicable statute of limitation, the plaintiff had no way of curing defective service had the case remained in state court, and thus the action as a matter of state law was "jurisprudentially dead" before removal. Such is not the case here. Indeed, C.P.L.R. 306-b authorizes an extension of time for service in two discrete situations: "upon good cause shown" or "in the interest of justice." *See Leader v. Maroney, Ponzini & Spencer*, 97 N.Y.2d 95, 104–06 (N.Y. 2001). The New York Court of Appeals has confirmed that the "good cause" and "interest of justice" prongs of the section constitute separate grounds for extensions, to be defined by separate criteria. *Id*. at 104. A "good cause" extension requires a showing of reasonable diligence in attempting to effect service upon a defendant; under the "interest of justice" prong, a court "may consider [plaintiff's] diligence, or lack thereof, along with any other relevant factor…including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant." *Id*. at 105–06. Thus, much like the discretion a federal court must employ to consider extensions to service under Rule 4(m), so too must a state court balance similar relevant factors. Thus, in contrast to *Witherow*, plaintiffs' case here was not "jurisprudentially dead" pursuant to state law. *See Hornstein v. Brunswick Corp.*, No. 09-CV-854,

5

2009 U.S. Dist. LEXIS 108028, at *5–6 (W.D. Okla. Nov. 19, 2009) (extending time to serve under § 1448 despite expiration of statute of limitation where state statute provided mechanism to re-serve process and keep matter alive had action not been removed). [4]

## CONCLUSION

For the reasons stated herein, defendant's motion to dismiss is DENIED, and pursuant to 28 U.S.C. § 1448 and Rule 4, a federal summons shall issue, and plaintiffs shall have twenty (20) days from the issuance of the federal summons to serve defendant in a manner that complies with the Federal Rules of Civil Procedure. Failure to serve as directed herein will result in dismissal of this action.

Upon service, this action is committed to the assigned magistrate judge for supervision of all pre-trial proceedings.

SO ORDERED.

Dated:  Brooklyn, New York           *Roslynn R. Mauskopf*
        September 27, 2012

---

[4] Indeed, on facts similar to those presented in the case at bar, New York courts appear to have granted extensions pursuant to C.P.L.R. 306-b. *See, e.g.*, *Woods v. M.B.D. Cmty. Hous. Corp.*, 933 N.Y.S.2d 669, 671 (N.Y. App. Div. 2011) (while action was timely commenced by proper filing, and plaintiff's claim would be extinguished without an extension since the statute of limitations has expired, extension of time to serve granted where prejudice to defendants is mitigated by the facts that they or their insurers had been on notice of the underlying incident for more than two years preceding the action's commencement, counsel had engaged in preliminary settlement negotiations during that period, and plaintiff provided copies of his relevant medical records and photographs of the accident area); *Dujany v. Gould*, 882 N.Y.S.2d 343, 343 (N.Y. App. Div. 2009) (plaintiff made aware of ineffective service through allegations in defendant's motion to dismiss prior to the expiration of the statute of limitations, but failed to act in a timely fashion to effect service; nevertheless, although plaintiff's diligence is a factor, it is only one of several factors to consider under interest of justice standard and lower court had discretion to grant extension); *Sutter v. Reyes*, 874 N.Y.S.2d 120, 120 (N.Y. App. Div. 2009) (while plaintiff's counsel exercised little, if any, diligence in serving the City, factors support an interest of justice extension, and the City has not demonstrated that it would be prejudiced if the extension were granted).